UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURTNEY GREEN,

                Plaintiff,

-against-

NBC UNIVERSAL MEDIA LLC,

                Defendant.

21-CV-0239 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in Missouri, brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Plaintiff submitted with her complaint an "Application to Appeal *In Forma Pauperis*." (ECF No. 1) The submission is construed as a request to proceed IFP in this court. But Plaintiff fails to establish that she is unable to pay the filing fees. Plaintiff indicates that she has an average monthly income of $4000.00 in the past 12 months from employment. But she largely fails to respond to questions about her income sources, employment history, assets, dependents, and expenses.

      As noted in a prior order issued by the Court, *see Green v. Fox Corp.*, ECF 1:22-CV-0243, 4, a review of the Public Access to Court Electronic Records (PACER) system reveals that from December 27, 2021, through December 29, 2021, Plaintiff filed four actions in the United States District Court for the Western District of Missouri. In each of the actions, Plaintiff sought to proceed IFP, and in her IFP applications, Plaintiff indicated that she was employed as a retail merchandiser for two months, earning a gross income of $1,800 monthly. Plaintiff further

indicated that she received $8,000 in unemployment benefits over the past 12 months, and that those benefits expired on September 13, 2021. On January 10, 2022, the Hon. Fernando S. Gaitan, Jr., of the Western District of Missouri, denied Plaintiff's requests to proceed IFP and granted Plaintiff until March 7, 2022, to pay the filing fees for each of the four actions. *See Green v. Kansas City Public Library*, No. 21-CV-00943 (FJG) (W.D. Mo. Jan. 10, 2022); *Green v. Mid Continent Public Library*, No. 21-CV-00942 (FJG) (W.D. Mo. Jan. 10, 2022); *Green v. Kansas City Public Library*, No 21-CV-00933 (FJG) (W.D. Mo. Jan. 10, 2022); *Green v. Midwest Genealogy Ctr.,* No. 21-CV-00932 (FJG) (W.D. Mo. Jan. 10, 2022.

The next day, on January 11, 2022, Plaintiff filed this and two other actions in this court, *see Green*, ECF 1:22-CV-0243, 2; *Green v. Kelly and Ryan Show*, ECF 1:22-CV-0237, 2, and another action in the Western District of Missouri, *see Green v. Schweitzer Brentwood Branch Library*, No. 22-CV-03008 (W.D. Mo. filed Jan. 11, 2022). On January 14, 2022, she filed a fourth action in this Court. *See Green v. ABC Entertainment*, ECF 1:22-CV-376, 2.

Because Plaintiff fails to supply sufficient information explaining her current sources of income and how she pays her expenses, it is unclear whether Plaintiff has sufficient funds to pay the filing fees for this action. The Court is therefore unable to make a ruling on Plaintiff's IFP application.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 22-CV-0239 (LTS), and address the deficiencies described above by providing facts to establish that she is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

Plaintiff has consented to electronic service. (ECF 3.)

SO ORDERED.

Dated:   February 16, 2022
        New York, New York

                                           /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                     Chief United States District Judge