UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURTNEY GREEN,

                              Plaintiff,

                -against-

NBC UNIVERSAL MEDIA LLC,

                              Defendant.

22-CV-0239 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction. She asserts that Defendant NBC Universal Media directed its television shows to engage in "[b]ullying and abusive conduct" toward her and "to collect and exploit personal information" about her. (ECF 2, at 5.) By order dated March 24, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Supreme Court has held that, under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (principle that allegations are assumed to be true is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, who resides in Missouri, brings this action against NBC Universal Media LLC. She invokes this Court's diversity jurisdiction and asserts claims of "defamation of [c]haracter, invasion of privacy, mental abuse and misuse of social status and media platform." (ECF 2, at 6.) Plaintiff alleges that most of the events giving rise to her claims occurred from October 3 to December 6, 2021, on the Today Show and the NBC Morning News. She seeks money damages.

The following is Plaintiff's description of the events giving rise to her claims:

> Employees of The defendant (NBC Universal media llc) could physically view me while live on air. During The shows(Today, NBC morning news etc) Employees of the Defendant (NBC Network) Exhibited Bullying and abusive conduct directed towards and about my person. These remarks included comments about financial status, well being, living arrangements as well as other indications that there were tabs kept on or about me or the research or outsource of information. In some instances the employees of said defendant (NBC Universal media llc) on the show Today observed me sleeping and attempted to interrupt sleep. Employees also used adjoining networks such as Newsy an

2

> extended brand of (Scripps Center) to collect and exploit personal information. Jokingly stating The best way to beat 4 is to stay ahead of it. Using resources overseas (traveling anchors in Beijing) to promote unfair business competition and disruption in business practices. There were also hints of this going on forever amongst other things. These actions not only occurred on the said dates but have been going on since 2020. I believe the Defendant (NBC Network) was aware of these actions and neglected to address and/or end these said discrepancies.

(*Id.* at 5-6.)[1]

## DISCUSSION

**A.     Plaintiff's complaint is frivolous**

Plaintiff's complaint, when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, fails to allege any facts suggesting that she has a plausible legal claim. Plaintiff conclusorily asserts that NBC has used multiple television shows to surveil and harass her in her home, and collect her personal information. These allegations do not support a defamation, invasion of privacy, or unfair competition claim under New York law because Plaintiff's assertions are largely irrational or wholly incredible, provide no facts suggesting that the television surveillance actions of which she complains are even possible, and thus are not plausible. *See Denton*, 504 U.S. at 33. The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional" (citation and internal quotation marks omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[1] The Court quotes the complaint verbatim. All capitalization, punctuation, and errors are in the original.

Because Plaintiff's irrational allegations that NBC is victimizing her through its television shows cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.      Plaintiff is warned about the filing of vexatious or frivolous litigation**

Plaintiff is not a stranger to the federal courts. In a matter of days, she filed five lawsuits in this court, including this action, in which she makes the same or similar assertions – that television networks and shows are monitoring her activities, harassing her, and collecting her personal information through the television. *See Green v. ABC Ent.*, ECF 1:22-CV-0376, 2 (S.D.N.Y. filed Jan. 14, 2022) (pending); *Green v. Fox Corp.*, ECF 1:22-CV-0243, 2 (S.D.N.Y. filed Jan. 11, 2022) (pending); *Green v. Viacom CBS*, ECF 1:22-CV-0238, 2 (S.D.N.Y. Mar. 14, 2022) (dismissed for Plaintiff's failure to resubmit the signature page of the complaint with an original signature; motion for reconsideration pending); *Green v. Kelly and Ryan Show*, ECF 1:22-CV-0237, 2 (S.D.N.Y. Mar. 14, 2022) (same). In the last few months, Plaintiff has also filed multiple lawsuits in other federal courts around the country. *See Green v. PayPal Inc.*, No. 22-CV-0088 (RGK) (D. Neb. Mar. 15, 2022) (billing dispute dismissed for lack of subject matter jurisdiction); *Green v. Scripps Corp. Headquarter/Scripps Ctr.*, No. 22-CV-0010 (SJD) (SKB) (S.D. Ohio Mar. 2, 2022) (complaint dismissed for failure to state a claim plausible on its face); *Green v. Scripps Corp. Headquarter/Scripps Ctr.*, No. 22-CV-0009 (TSB) (SKB) (S.D. Ohio filed Jan. 6, 2022) (report & recommendation issued recommending dismissal of complaint for failure to state a claim plausible on its face); *See Green v. Kansas City Pub. Library*, No. 22-CV-0086 (FJG) (W.D. Mo. Feb. 28, 2022) (denied leave to proceed IFP); *Green v. Mid Continent Pub. Library*, No. 22-CV-0085 (FJG) (W.D. Mo. Feb. 28, 2022) (same); *Green v. Kansas City Pub. Library*, No 22-CV-0084 (FJG) (W.D. Mo. Feb. 28, 2022) (same); *Green v. Midwest*

*Genealogy Ctr.,* No. 22-CV-0083 (FJG) (W.D. Mo. Feb. 28, 2022) (same); *Green v. Schweitzer Brentwood Branch Library*, No. 22-CV-3008 (FJG) (W.D. Mo. Feb. 4, 2022) (same); *Green v. Kansas City Pub. Library*, No. 21-CV-00943 (FJG) (W.D. Mo. Jan. 10, 2022) (same); *Green v. Mid Continent Pub. Library*, No. 21-CV-00942 (FJG) (W.D. Mo. Jan. 10, 2022) (same); *Green v. Kansas City Pub. Library*, No 21-CV-00933 (FJG) (W.D. Mo. Jan. 10, 2022) (same); *Green v. Midwest Genealogy Ctr.,* No. 21-CV-00932 (FJG) (W.D. Mo. Jan. 10, 2022) (same).

While Plaintiff appears to be new to the Southern District of New York, she is warned that the further filing of vexatious or frivolous litigation in which she fails to allege facts showing that she is entitled to relief may result in an order under 28 U.S.C. § 1651(a), barring her from filing new actions without prior permission in this court. This warning is necessary, in light of Plaintiff's numerous filings, to conserve this Court's judicial resources. *See generally*, *In Re McDonald*, 489 U.S. 180, 184 (1988).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's requests for summonses and subpoenas (ECF 7-8, 11) are denied as moot. All other pending matters in this case are terminated.

Plaintiff is also warned that further vexatious or frivolous litigation in this court may result in an order barring her from filing any new actions without prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 4, 2022
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge